NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――――――

**HYBIR, INC.,**
*Appellant*

**v.**

**VEEAM SOFTWARE CORPORATION,**
*Cross-Appellant*

―――――――――――――

2022-2055, 2022-2056, 2022-2066, 2022-2067

―――――――――――――

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2020-01037, IPR2020-01038.

―――――――――――――

Decided:  February 23, 2024

―――――――――――――

SETH OSTROW, Meister Seelig & Fein PLLC, New York, NY, argued for appellant.  Also represented by ROBERT FEINLAND.

STEVEN PAPPAS, Sterne Kessler Goldstein & Fox, PLLC, Washington, DC, argued for cross-appellant.  Also represented by DANIEL S. BLOCK, BYRON LEROY PICKARD.

―――――――――――――

Before DYK, CLEVENGER, and CHEN, *Circuit Judges*.

CHEN, *Circuit Judge*.

Hybir, Inc. (Hybir) appeals two decisions by the Patent Trial and Appeal Board (Board) determining that certain claims of U.S. Patent No. 8,051,043 ('043 patent) are unpatentable under 35 U.S.C. § 103 over U.S. Patent Publication No. 2006/0212439 (Field) alone and in combination with U.S. Patent Publication No. 2005/0114614 (Anderson). In particular, Hybir appeals the Board's invalidity determinations as to claims 30, 32, 33, 35, and 37–39.[1] Veeam Software Corporation (Veeam) cross-appeals the Board's decision upholding the patentability of claims 3, 4, 7, 16, 17, and 20 over the same references. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

Hybir argues that the Board erred because "Field teaches away from using and transmitting signatures from a backup data storage medium to a remote storage medium during a restore process." Appellant's Br. 49. We reject this argument because nothing in those claims requires transmitting an electronic signature from the backup storage medium to the remote storage medium during a restore process. Hybir has not shown that the Board's findings lack substantial evidence support.

As to Veeam's cross-appeal, substantial evidence supports the Board's finding that Veeam failed to prove Field discloses or suggests "removing" electronic data associated with a first descriptor from a list as required by claims 3, 4, 16, and 17. The Board relied on Hybir's expert witness

---

[1] Although Hybir originally raised arguments with respect to other claims, *see* Hybir Ltr. (Jan. 29, 2024), ECF No. 52, Hybir agrees that its appeal is limited to independent claims 30 and 35 and the related dependent claims. Oral Arg. at 6:10–7:10 (available at https://oralarguments.cafc.uscourts.gov/default.aspx?fl=22-2055_020620 24.mp3).

and Field to distinguish Field's operation from what is required by the claims. J.A. 99–100 (citing J.A. 729 ¶ 130). Specifically, the Board found that Field not transmitting a file is not removal of that file from a list, J.A. 99, and because Field checks files one at a time to see if they have been submitted before transmitting them, there is no reason for Field to "create a second list that omits the recited first descriptor from the first list." J.A. 100. Substantial evidence also supports the Board's finding that Veeam failed to prove Field discloses or suggests restricting access to electronic data as required by claims 7 and 20. The Board found Field's disclosure that a user can retrieve a file using a descriptor to be distinct from restricting access and additionally relied on expert testimony that participating users in Field have access to some shared data without having access restrictions to conclude that Field does not disclose or suggest this limitation. J.A. 106–07 (citing J.A. 730–31 ¶¶ 134–35).

We have considered the parties' remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

The parties shall bear their own costs.

## AFFIRMED